UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA AMEZCUA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 07-1293 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　Rosa Amezcua filed this action on October 15, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on December 5 and December 6, 2007. On June 6, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the Court remands for further proceedings consistent with this Opinion.

///

///

///

///

**I.**

## PROCEDURAL BACKGROUND

On August 24, 2004, Amezcua filed applications for disability insurance benefits and supplemental security income benefits. A.R. 12. The Commissioner denied the applications initially and on reconsideration. *Id.* The Administrative Law Judge ("ALJ") conducted a hearing on February 5, 2007, at which Amezcua and a vocational expert testified. A.R. 216-236. On March 9, 2007, the ALJ issued a decision denying benefits. A.R. 9-17. On August 25, 2007, the Appeals Council denied Amezcua's request for review. A.R. 4-6. This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.
# DISCUSSION

### A.  Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B.  The ALJ's Findings

The ALJ found that Amezcua had severe impairments of asthma and status post pacemaker insertion.  A.R. 14.  He determined that Amezcua had the residual functional capacity for "light work with [the] ability to lift/carry no more than 20 pounds occasionally; the need to avoid even moderate exposure to extreme heat, extreme cold, and hazards; and the need to avoid respiratory irritants, such as dust, fumes, and gases."  A.R. 15.  The ALJ concluded that Amezcua could perform her past relevant work as a laundry worker.  A.R. 16.

### C.  Plaintiff's Credibility

At the hearing, Amezcua testified as to her work restrictions based on her asthma and heart condition.  A.R. 223.  Her treating physician says that she cannot lift more than 10 pounds and cannot walk a lot.  *Id.*  She gets chest pains and dizziness from her heart condition when she walks a lot or does movements with her arms like she did as a laundry folder.  A.R. 226.  She rests after 15 minutes of walking.  *Id.*  She also stated that she gets very tired from too much standing.  A.R. 227.  Amezcua testified that she uses a nebulizer for her asthma approximately 2 to 4 times a day, requiring 10 to 15 minute treatments on each

///

occasion. *Id.* Her treating physician told her that she cannot go back to laundry work because of the chemicals, lint and dust. A.R. 229.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' The claimant, however, 'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' 'Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.'" *Id.* at 1036 (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

Under the first prong, the ALJ properly found that there was no objective medical evidence of an underlying impairment to support her claim of back or arthritis pain. A.R. 16. However, there is objective medical evidence of asthma and a heart condition. A.R. 14-15.

Under the second prong, the ALJ rejected Amezcua's subjective allegations of work restrictions due to her asthma and heart condition based solely upon his interpretation of her medical records. Although the ALJ may

4

1 consider medical records, he cannot reject a claimant's credibility based on this
2 factor alone. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Moreover,
3 the Court notes that the medical records appear to support Amezcua's
4 allegations.[1]

5 The Court credits Amezcua's testimony as true insofar as it established
6 that she can no longer perform her past relevant work. Where an ALJ improperly
7 rejects the claimant's testimony regarding her limitations, the claimant's
8 testimony is credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 834 (9th
9 Cir. 1995). The vocational expert testified that Amezcua's past relevant work
10 could not be performed (a) if she were limited to lifting ten pounds, (b) if she
11 required a sit/stand option, or (c) if she were restricted from work requiring
12 exposure to lint. A.R. 233-234. Based on Amezcua's testimony as to her work
13 restrictions, she cannot perform her past relevant work.

14 Accordingly, this case is remanded for inquiry at Step Five of the
15 sequential analysis. At Step Five, the Commissioner bears the burden of
16 demonstrating there is other work in significant numbers in the national economy
17 the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir.
18 2006). If the Commissioner satisfies this burden, the claimant is not disabled and
19 not entitled to disability benefits. If the Commissioner cannot meet this burden,
20 the claimant is "disabled" and entitled to disability benefits. *Id.*

21 "There are two ways for the Commissioner to meet the burden of showing
22 that there is other work in 'significant numbers' in the national economy that
23 claimant can do: (1) by the testimony of a vocational expert, or (2) by reference
24 to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."
25 *Lounsburry*, 486 F.3d at 1114. "Where a claimant suffers only exertional

---

27 [1] In addition, the spirometry results state that the degree of obstruction in
lung function may be underestimated (A.R. 116, 119), and that additional
28 restrictive lung defect cannot be excluded by spirometry alone (A.R. 119).

5

limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115 (citations omitted). However, "the grids are inapplicable when a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and internal quotation marks omitted); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984) (inability to tolerate lint or dust constitutes nonexertional limitation).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the matter is remanded for further proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 29, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge